Scott Kalkin, State Bar No. 120791
**ROBOOSTOFF & KALKIN**
A Professional Law Corporation
369 Pine Street, Suite 610
San Francisco, California 94104
(415) 732-0282

Attorney for Plaintiff Dorothea Kinberg

[FILED stamp: 2009 SEP -3 P 3:17 — RICHARD W. WIEKING, CLERK, U.S. DISTRICT COURT, NO. DIST. OF CA. S.J.]

[E-filing ADR]

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Dorothea Kinberg, | ACTION NO.: |
| Plaintiff, | **COMPLAINT** |
| v. | C09 04103 PVT |
| Hartford Life and Accident Insurance Company as Administrator and Fiduciary of the Applera Corporation Long Term Disability Plan and The Applera Corporation Long Term Disability Plan, | |
| Defendants. | |

JURISDICTION

1.    This action for declaratory, injunctive, and monetary relief is brought pursuant to § 502 of ERISA (29 U.S.C. § 1132), and the Declaratory Judgment Act, 28 U.S.C. § 2201. This Court has subject matter jurisdiction over plaintiff's claims pursuant to 28 U.S.C. § 1331 because this action arises under the laws of the United States.

//

## VENUE

2. Venue lies in the Northern District of California because, pursuant to ERISA § 502 (e) (2) (29 U.S.C. § 1132 (e) (2)), the APPLERA CORPORATION LONG TERM DISABILITY PLAN, (hereinafter the "PLAN"), is administered in this District and the wrongful conduct alleged herein took place in this District. Venue is also proper pursuant to 28 U.S.C. § 1391 (b), in that a substantial part of the events or omissions giving rise to plaintiff's claims occurred within this District.

## INTRADISTRICT ASSIGNMENT

3. This action should be assigned to the division in San Jose pursuant to Civil Local Rule 3-2(c) and (d) because it arose from actions that occurred in the County of Santa Clara, the location where a substantial portion of the long term disability claim which is the subject of this lawsuit was administered.

## PARTIES

4. At all relevant times, plaintiff DOROTHEA KINBERG was, and is, a PARTICIPANT, as defined in ERISA § 3 (7) (29 U.S.C. § 1002 (7)), in the PLAN.

5. At all relevant times, defendant the APPLERA CORPORATION LONG TERM DISABILITY PLAN was an employee welfare benefit plan within the meaning of ERISA § 3 (1) (29 U.S.C. § 1002 (1)), sponsored by Applera Corporation and/or its successor(s) in interest, and administered, at least in part, in Santa Clara, California. At all relevant times, the PLAN offered long term disability benefits to the employees of Applera Corporation, including plaintiff, through, *inter alia*, an insurance policy issued by defendant HARTFORD LIFE AND ACCIDENT INSURANCE COMPANY (hereinafter "HARTFORD") as policy number GLT 032551.

6. At all relevant times, defendant HARTFORD was a fiduciary of the PLAN within the meaning of ERISA § 3 (21), 29 U.S.C. § 1002 (21). At all relevant times, HARTFORD exercised control over the payment of long term disability benefits which are PLAN assets.

Complaint                                                           2

## FACTS COMMON TO ALL CLAIMS

7. Prior to her disability, plaintiff worked full-time a programmer analyst for Applera Corporation.

8. On or about August 26, 2002, plaintiff filed a claim for disability benefits with defendant HARTFORD and the PLAN. Plaintiff had been suffering from prolonged sickness as a result of her total disability. As a result of this, and other acute and chronic medical problems, plaintiff was found to be disabled by her treating physician. On or about December 31, 2002, defendant HARTFORD approved plaintiff's claim for long term disability benefits.

9. Between August of 2002, and the present, and at all other relevant times, plaintiff complied with all terms and conditions of the PLAN and remained, and continues to remain, totally disabled under the terms of the PLAN.

10. On or about October 22, 2008, defendant HARTFORD terminated plaintiff's claim for continued long term disability benefits under the PLAN, alleging that certain information in its possession indicated that plaintiff no longer met the definition of Total Disability under the terms of the PLAN.

11. On or about November 14, 2008, and at other times, plaintiff requested that HARTFORD produce certain documents to which she was entitled pursuant to ERISA and the applicable Department of Labor Regulations.

12. On or about April 16, 2009, plaintiff appealed HARTFORD's termination of her benefits. Among other things, plaintiff sent HARTFORD additional documentation of her disability and asked that it pay her benefits. On or about June 17, 2009, HARTFORD denied plaintiff's appeal.

13. Plaintiff has exhausted her administrative remedies.

14. At all relevant times herein, plaintiff has been, and remains, totally disabled and entitled to benefits under the terms of the PLAN.

## FIRST CLAIM FOR RELIEF
(Claim for Plan Benefits Pursuant to ERISA § 502(a) (1) (B))

15. Plaintiff realleges and incorporates as though set forth in full the allegations contained in paragraphs 1 through 14 of this complaint.

16. ERISA § 502(a) (1) (B) (29 U.S.C. § 1132 (a) (1) (B)), permits a participant in a plan to bring a civil action to recover benefits due to her under the terms of a plan, to enforce her rights under the terms of a plan, and/or clarify her rights to future benefits under the terms of a plan.

17. By, *inter alia*, failing to pay plaintiff long-term disability benefits, despite her complying with the PLAN's requirement of submitting written proof of her total disability; relying on a standard of proof not articulated in the PLAN's provisions; refusing to provide plaintiff with medical or other documentation which substantiated its decision to terminate benefits; and failing to produce documents to which plaintiff was entitled pursuant to ERISA and the applicable Department of Labor Regulations, defendants have violated, and continue to violate, the terms of the PLAN and plaintiff's rights thereunder.

**WHEREFORE,** plaintiff prays that the Court enter judgment against the defendants, and each of them, as is hereinafter set forth.

## SECOND CLAIM FOR RELIEF
(For Equitable Relief Under ERISA §502(a) (3))

18. Plaintiff incorporates as though set forth in full the allegations contained in paragraphs 1 through 17 of this complaint.

19. ERISA § 502(a) (3) (29 U.S.C. § 1132 (a) (3)), permits a participant in a plan to bring a civil action to obtain equitable relief to redress any act or practice which violates the terms of a plan or ERISA, or to enforce any term(s) of the plan or of ERISA.

20. In refusing to pay the benefits at issue herein, defendants have violated the terms of the PLAN and ERISA by its acts, including, but not limited to: breaching its fiduciary

Complaint                                          4

duties under ERISA § 404 (29 U.S.C. § 1104); violating the terms of the PLAN; failing to furnish plaintiff with documents relating to her claim for benefits within the specified time period; acting in bad faith by terminating her claim in reliance upon a standard not set forth in the PLAN; failing to provide specific reference to pertinent PLAN provisions on which the termination was based; failing to provide plaintiff with a description of what was needed to perfect her claim; and ignoring medical records and physicians' opinions which support plaintiff's claim.

### THIRD CLAIM FOR RELIEF

(For Penalties Under ERISA §502(a)(1)(A) [29 U.S.C. § 1132(a)(1)(A)])

21. Plaintiff incorporates as though set forth in full the allegations contained in paragraphs 1 through 20 of this complaint.

22. ERISA section 502(c) and the related Department of Labor regulations provide in pertinent part that any administrator who fails or refuses to comply with a request for any information which such administrator is required to furnish to a participant within thirty (30) days of a request therefor may be liable to the participant for penalties of up to $110.00 per day from the date of such failure or refusal, as well as for such other relief as the Court deems proper.

23. On November 14, 2008, and at other times subsequent thereto, plaintiff's counsel mailed defendant APPLERA CORPORATION LONG TERM DISABILITY PLAN, who is the plan administrator, a request for plan documents and other documents plaintiff, as a plan participant, was entitled to. Said request was delivered to defendant by Federal Express on November 17, 2008.

24. Despite this request, said defendant has refused, and continues to refuse, to provide plaintiff with the requested documents. As such, plaintiff is entitled to an award of penalties and other appropriate relief as set forth above.

WHEREFORE, plaintiff prays that the Court enter judgment against the defendants, and

each of them, as follows:

## PRAYER FOR RELIEF

WHEREFORE, plaintiff prays that the Court enter judgment against the defendants, and each of them, as follows:

A.   Declare that defendants, and each of them, violated the terms of the PLAN and plaintiff's rights thereunder by failing to pay plaintiff her long-term disability benefits;

B.   Order defendants to pay plaintiff all long-term disability benefits due her pursuant to the terms of the PLAN, together with prejudgment interest on each and every such monthly payment through the date judgment is entered herein;

C.   Declare plaintiff's right to receive future long term disability benefit payments under the terms of the PLAN;

D.   Declare that HARTFORD has breached its fiduciary duty to plaintiff and the PLAN and enjoin HARTFORD from further breaches of its fiduciary duty;

E.   Remove HARTFORD as a fiduciary of the PLAN and replace HARTFORD with an independent fiduciary;

F.   Award plaintiff pre-judgment interest on all monies requested herein;

G.   Award plaintiff reasonable attorneys' fees and costs of suit incurred herein pursuant to ERISA § 502(g) (29 U.S.C. § 1132 (g));

H.   Assess penalties against defendant plan administrator pursuant to 29 U.S.C. § 1132(c) and the applicable Department of Labor Regulations for each failure to timely produce documents and information; and

//

//

//

I.   Provide such other relief as the Court deems equitable and just.

**ROBOOSTOFF & KALKIN**

Dated: September 1, 2009         By: _____
                                     Scott Kalkin
                                     Attorneys for plaintiff